# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-60243-CR-COHN(s)

**UNITED STATES OF AMERICA**

**vs.**

**ROBERT COX and
TIMOTHY MYERS,**

      **Defendants.**

_____/

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

      The United States of America respectfully requests that the Court charge the jury with the following instructions and verdict form at trial in the above-entitled action pursuant to Federal Rule of Criminal Procedure 30. The United States also respectfully requests permission for the parties to propose such additional instructions as may become appropriate based upon the testimony and evidence at trial and that the Court inform the parties prior to closing arguments which instructions the Court will accept.

                        Respectfully submitted,

                        JEFFREY H. SLOMAN
                        UNITED STATES ATTORNEY

By:    s/ Scott Edenfield_____
        Scott Edenfield
        District Court ID A5501041
        Assistant United States Attorney
        99 N.E. 4th Street
        Miami, FL 33132-2111
        Tel: (305) 961-9086
        Fax: (305) 536-4676
        scott.edenfield@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a copy of the foregoing was filed via CM/ECF on March 7, 2010.


s/ Scott M. Edenfield
Scott M. Edenfield
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-60243-CR-COHN**(s)

**UNITED STATES OF AMERICA**

**vs.**

**ROBERT COX and**
**TIMOTHY MYERS,**

    **Defendants.**
_____/

**PROPOSED INSTRUCTION NO. 1**

**COURT'S INSTRUCTIONS**
**TO THE JURY**[1]

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions —what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendants guilty of the crimes charged in the indictment.

_____

[1] Eleventh Circuit Pattern Jury Instructions – Basic Instruction No. 1 (2003).

1

## PROPOSED INSTRUCTION NO. 2

**Duty to Follow Instructions**
**Presumption of Innocence**
**(When Any Defendant Does Not Testify)[2]**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial, and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not, and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all[, and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations]. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

---

[2] Eleventh Circuit Pattern Jury Instructions – Basic Instruction No. 2.2 (2003).

2

## <u>PROPOSED INSTRUCTION NO. 3</u>

**Definition of Reasonable Doubt[3]**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[3] Eleventh Circuit Pattern Jury Instructions – Basic Instruction No. 3 (2003).

3

## PROPOSED INSTRUCTION NO. 4

### Consideration of the Evidence,
### Direct and Circumstantial—
### Argument of Counsel
### Comments by the Court[4]

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make, and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## PROPOSED INSTRUCTION NO. 5

---

[4] Eleventh Circuit Pattern Jury Instructions – Basic Instruction No. 4.2 (2003).

4

**Credibility of Witnesses[5]**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**PROPOSED INSTRUCTION NO. 6**

---

[5] Eleventh Circuit Pattern Jury Instructions – Basic Instruction No. 5 (2003).

5

## Impeachment—Inconsistent Statement
## (Defendant Testifies with Felony Conviction)[6]

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact or whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood, and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[A Defendant has a right not to testify.  If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.  Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crimes for which the Defendant is on trial.]

## PROPOSED INSTRUCTION NO. 7

---

[6] Eleventh Circuit Pattern Jury Instructions – Basic Instruction No. 6.4 (2003).

## Expert Witnesses[7]

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

---

[7] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 7 (2003).

## PROPOSED INSTRUCTION NO. 8

### Identification Testimony[8]

In any criminal case the Government must prove, of course, the identity of the defendant as the person who committed the alleged crime.

When a witness points out and identifies a defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth.  Then, if you believe the witness was truthful, you must still decide how accurate the identification was.  Again, I suggest that you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the crime to observe the person in question?  What length of time did the witness have to observe the person?  What were the prevailing conditions at that time in terms of visibility or distance and the like?  Had the witness known or observed the person at earlier times?

You may also consider the circumstances surrounding the later identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the witness' identification of the defendant.

After examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

## PROPOSED INSTRUCTION NO. 9

---

[8]    Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 3 (2003).

**Notetaking[9]**

In this case you have been permitted to take notes during the course of the trial, and most of you—perhaps all of you—have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence, and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

---

[9] Eleventh Circuit Pattern Jury Instructions – Special Instruction No. 5 (2003).

9

## PROPOSED INSTRUCTION NO. 10

### Introduction to Offense Instructions[10]

At this time I will explain the indictment which charges three separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that the defendants knowingly and willfully conspired with each other and others to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a minor who was caused to engage in a commercial sex act. Counts 2 and 3 charge the defendants with the commission of what are referred to as substantive offenses, namely that the defendants recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a minor who was caused to engage in a commercial sex act. I will explain the law governing those substantive offenses in a moment.

First, however, as to Count 1, you will note that the defendants are not charged in that Count with committing a substantive offense; rather, they are each charged with having conspired to do so.

_____

[10] Eleventh Circuit Pattern Jury Instructions – Basic Instruction No. 8 (2003).

10

<u>**PROPOSED INSTRUCTION NO. 11**</u>

**Conspiracy to Commit Sex Trafficking of Minors**
**18 U.S.C. § 1594(c)[11]**

Title 18, United States Code, Section 1594(c), makes it a Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(2).  Sections 1591(a)(1) and (b)(2) make it a crime for anyone, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain a minor, knowing, or in reckless disregard of the fact, that the minor will be caused to engage in a commercial sex act.

A "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to establish all of the members of the scheme; <u>or</u> that those who <u>were</u> members had entered into a formal type of agreement; <u>or</u> that the members had planned together <u>all</u> of the details of the scheme.  Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:   That two or more persons in some way or manner came to a mutual understanding to accomplish a common and unlawful plan, as charged in the indictment;

<u>Second</u>:   That the defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

---

[11]   Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 66.3 (2003) (modified).

11

<u>Third</u>:        That the object of the unlawful plan was to recruit, entice, harbor, transport, provide, obtain, or maintain an individual under the age of eighteen to engage in a commercial sex act.

A person may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names and identities of all of the other alleged conspirators.  So, if a defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that defendant for conspiracy even though the defendant did not participate before and even though the defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

In addition, some of the people who may have been involved in the events charged in the indictment are not on trial before you.  This does not matter and should not enter into your deliberations.  There is no requirement that all members of a conspiracy be charged and prosecuted, or that they all be tried together in one proceeding.

## PROPOSED INSTRUCTION NO. 12

### Sex Trafficking of Minors
### 18 U.S.C. § 1591(a)(1)[12]

Title 18, United States Code, Sections 1591(a)(1) and (b)(2) make it a Federal crime or offense for anyone, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain a minor, knowing, or in reckless disregard of the fact, that the minor will be caused to engage in a commercial sex act.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

First:      That the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person under the age of eighteen;

Second:     (a) That the defendant knew, or was in reckless disregard of the fact, that the person was under the age of eighteen **OR** (b) that the person was under the age of eighteen and the defendant had a reasonable opportunity to observe the person[13];

Third:      That the defendant knew, or was in reckless disregard of the fact, that the person would be caused to engage in a commercial sex act; and

Fourth:     That the offense was in or affected interstate or foreign commerce.

The first element of the offense requires that the Government prove that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means, a person.  In considering these terms, I instruct you to use their plain and ordinary definitions.[14]  "Recruit" means to seek to enroll.  "Harbor" means to give or afford shelter to.

---

[12]  *See* Title 18, United States Code, Section 1591.

[13]  *See* Title 18, United States Code, Section 1591(c).

[14]  Title 18, United States Code, 1591; Webster's New Riverside University Dictionary (Riverside Publishing Co. 1994); Black's Law Dictionary (Second Edition 2001).

13

"Transport" means to take or convey from one place to another.  "Provide" means to furnish, supply, or make available.  "Obtain" means to gain possession of or acquire.  "Entice" means to attract, induce, or lure using hope or desire.

With respect to the second element, the Government need only prove one of the alternatives set forth. Thus, to find a defendant guilty, you must unanimously agree that (1) the Government has established that the defendant knew or was in reckless disregard of the fact that the minor was under the age of eighteen; (2) the Government has established that the minor was under the age of eighteen and that the defendant had a reasonable opportunity to observe the minor; or (3) that the Government has established both alternatives.

Also with respect to the second element, "in reckless disregard of the fact," means that the defendant was aware of, but consciously and carelessly ignored, facts and circumstances clearly indicating that the individual was under the age of eighteen.[15]

With respect to the third element, the term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.[16] You may find the defendant guilty even if you find that the minor consented to the commercial sex act at issue.

With respect to the fourth element, acts and transactions which cross state or country lines, or which affect the flow of money in the stream of commerce to any degree, however minimal, are acts and transactions "in or affecting interstate or foreign commerce."[17]  It is not necessary for the

---

[15] *See* 11th Cir. Pattern Jury Instr. 83.2 (defining reckless disregard in alien smuggling context).

[16] Title 18, United States Code, Section 1591(e)(3) (defining "commercial sex act").

[17] *See United States v. Roberts*, 04-20408-CR-GOLD (DE 63) (trial brief in defense of a substantially similar jury instruction on interstate commerce as proposed here); *United States v. Gray*, 260 F.3d 1267, 1272-76 (11th Cir. 2001) (interstate commerce requirement of Hobbs Act

Government to prove that the defendant knew or intended that the recruiting, enticing, harboring, transporting, providing, or obtaining of a minor to engage in commercial sex acts would affect interstate or foreign commerce; it is only necessary that the natural consequences of such conduct would affect interstate or foreign commerce in some way.

---

requires only minimal effect on commerce and effects can be aggregated); *United States v. King*, 276 F.3d 109 (2d Cir. 2002) (acts and transactions which cross states lines are "in" interstate commerce); *United States v. Holston*, 343 F.3d 83, 91 (2d Cir. 2003) (acts and transactions which are economic in nature and affect the flow of money in the stream of commerce to any degree, however minimal, "affect" interstate commerce); *United States v. Gregg*, 226 F.3d 253, 261-63 (3d Cir. 2000) (defining effect on interstate commerce broadly, to include minimal activity whose impact is felt in the aggregate, where activity involved is economic or commercial in nature).

## PROPOSED INSTRUCTION NO. 13

### Aiding and Abetting (Agency)
### 18 U.S.C. § 2[18]

The guilt of a defendant in a criminal case may be proved without evidence that the defendant personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee, or other associate of the defendant are willfully directed or authorized by the defendant, or if the defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had personally engaged in such conduct.

However, before any defendant can be held criminally responsible for the conduct of others it is necessary that the defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the defendant was a willful participant and not merely a knowing spectator.

---

[18]  Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 7 (2003).

16

## PROPOSED INSTRUCTION NO. 14

### On Or About—Knowingly—Willfully[19]

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

---

[19]  Eleventh Circuit Pattern Jury Instructions – Basic Instruction No. 9.1 (2003).

17

## PROPOSED INSTRUCTION NO. 15

### Confession–Statement
### (Multiple Defendants)[20]

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it.  In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other Defendant on trial.

---

[20]  Eleventh Circuit Pattern Jury Instructions – Special Instruction No. 2.2 (2003).

<u>**PROPOSED INSTRUCTION NO. 16**</u>

**Explanatory Instruction
Transcript of Tape Recorded
Conversations[21]**

As you have heard, certain Exhibits have been identified as typewritten transcripts of the oral conversations that can be heard on the recordings received in evidence as Exhibits.  The transcripts also purport to identify the speakers engaged in such conversations.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the recordings, and also to aid you in identifying the speakers.

However, you are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the recordings themselves as the primary evidence of their own contents; and, if you should determine that the transcripts are in any respect incorrect or unreliable, you should disregard them to that extent.

---

[21]  Eleventh Circuit Pattern Jury Instructions – Trial Instruction No. 6 (2003).

19

## PROPOSED INSTRUCTION NO. 17

**Caution—Punishment
(Multiple Defendants—Multiple Counts)[22]**

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  Also, the case of each Defendant should be considered separately and individually.  The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted, the matter of punishment is for the Judge alone to determine later.

---

[22] Eleventh Circuit Pattern Jury Instructions – Basic Instruction No. 10.4 (2003).

20

## PROPOSED INSTRUCTION NO. 18

### Duty to Deliberate[23]

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

---

[23]  Eleventh Circuit Pattern Jury Instructions – Basic Instruction No. 11 (2003).

21

## PROPOSED INSTRUCTION NO. 19

### Verdict[24]

When you go to the jury room, you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict.]

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

_____

[24]  Eleventh Circuit Pattern Jury Instructions – Basic Instruction No. 12 (2003).

22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-60243-CR-COHN(s)**

**UNITED STATES OF AMERICA**

**vs.**

**ROBERT COX,**

   **Defendant.**
_____/

**VERDICT**

   We, the Jury, unanimously find the Defendant Robert Cox, as to Count 1 of the

Indictment:

   GUILTY _____          NOT GUILTY _____

   We, the Jury, unanimously find the Defendant Robert Cox, as to Count 2 of the

Indictment:

   GUILTY _____          NOT GUILTY _____

   If you have found the Defendant Robert Cox guilty of Count 2, answer the following:

   As to Count 2, we the jury unanimously find that (check all that apply):

_____   a.   The defendant knew, or was in reckless disregard of the fact, that the

             person recruited, enticed, harbored, transported, provided, obtained, or

             maintained was under the age of eighteen;

_____   b.   The person recruited, enticed, harbored, transported, provided, obtained,

             or maintained was under the age of eighteen and the defendant had a

             reasonable opportunity to observe the person.

23

We, the Jury, unanimously find the Defendant Robert Cox, as to Count 3 of the Indictment:

GUILTY _____          NOT GUILTY _____

If you have found the Defendant Robert Cox guilty of Count 3, answer the following:

As to Count 3, we the jury unanimously find that (check all that apply):

_____  a.  The defendant knew, or was in reckless disregard of the fact, that the person recruited, enticed, harbored, transported, provided, obtained, or maintained was under the age of eighteen;

_____  b.  The person recruited, enticed, harbored, transported, provided, obtained, or maintained was under the age of eighteen and the defendant had a reasonable opportunity to observe the person.

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Fort Lauderdale, Florida, this _____ day of March, 2010.

_____          _____
Foreperson's Signature                           Foreperson's Printed Name

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-60243-CR-COHN(s)

**UNITED STATES OF AMERICA**

**vs.**

**TIMOTHY MYERS,**

        **Defendant.**

_____/

### VERDICT

We, the Jury, unanimously find the Defendant Timothy Myers, as to Count 1 of the Indictment:

GUILTY _____            NOT GUILTY _____

We, the Jury, unanimously find the Defendant Timothy Myers, as to Count 2 of the Indictment:

GUILTY _____            NOT GUILTY _____

If you have found the Defendant Timothy Myers guilty of Count 2, answer the following:

As to Count 2, we the jury unanimously find that (check all that apply):

_____   a.   The defendant knew, or was in reckless disregard of the fact, that the person recruited, enticed, harbored, transported, provided, obtained, or maintained was under the age of eighteen;

_____   b.   The person recruited, enticed, harbored, transported, provided, obtained, or maintained was under the age of eighteen and the defendant had a reasonable opportunity to observe the person.

25

We, the Jury, unanimously find the Defendant Timothy Myers, as to Count 3 of the

Indictment:

GUILTY _____          NOT GUILTY _____

If you have found the Defendant Timothy Myers guilty of Count 3, answer the following:

As to Count 3, we the jury unanimously find that (check all that apply):

_____ a.       The defendant knew, or was in reckless disregard of the fact, that the

person recruited, enticed, harbored, transported, provided, obtained, or

maintained was under the age of eighteen;

_____ b.       The person recruited, enticed, harbored, transported, provided, obtained,

or maintained was under the age of eighteen and the defendant had a

reasonable opportunity to observe the person.


**SO SAY WE ALL.**


Signed and dated at the United States Courthouse, Fort Lauderdale, Florida, this _____ day of

March, 2010.



_____              _____
Foreperson's Signature                                   Foreperson's Printed Name